**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISON AT MEMPHIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, *ex rel.* [UNDER SEAL]; | ) ) ) | |
| **THE STATE OF ALABAMA,** *ex rel.* [UNDER SEAL]; | ) ) ) | |
| | ) | **[FILED UNDER SEAL]** |
| **Plaintiffs/Relators,** | ) ) | **JURY DEMANDED** |
| Vs. | ) ) | |
| [UNDER SEAL], | ) ) | |
| **Defendant.** | ) ) ) | |

# [FILED UNDER SEAL]

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISON AT MEMPHIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *ex rel.* ) | |
| **BRIAN EBERHARD;** ) | |
| ) | |
| **THE STATE OF ALABAMA,** ) | |
| **THE STATE OF ARIZONA,** ) | |
| **THE STATE OF ARKANSAS,** ) | |
| **THE STATE OF CALIFORNIA,** ) | |
| **THE STATE OF COLORADO,** ) | |
| **THE STATE OF FLORIDA,** ) | |
| **THE STATE OF GEORGIA,** ) | |
| **THE STATE OF ILLINOIS,** ) | |
| **THE STATE OF INDIANA,** ) | |
| **THE STATE OF KENTUCKY,** ) | |
| **THE STATE OF LOUISIANA,** ) | |
| **THE STATE OF MASSACHUSETTS,** ) | |
| **THE STATE OF MICHIGAN,** ) | |
| **THE STATE OF NEW MEXICO,** ) | |
| **THE STATE OF NORTH CAROLINA,** ) | |
| **THE STATE OF OHIO,** ) | |
| **THE STATE OF OKLAHOMA,** ) | |
| **THE STATE OF PENNSYLVANIA,** ) | |
| **THE STATE OF SOUTH CAROLINA,** ) | |
| **THE STATE OF TENNESSEE,** ) | |
| **THE STATE OF TEXAS,** ) | |
| **THE STATE OF VIRGINIA,** ) | |
| **THE DISTRICT OF COLUMBIA,** *ex rel.* ) | |
| **BRIAN EBERHARD** ) | |
| ) | |
| Plaintiffs/Relators, ) | **JURY DEMAND** |
| ) | |
| Vs. ) | **CASE NO.:** |
| ) | |
| **PHYSICIANS CHOICE LABORATORY** ) | |
| **SERVICES, LLC,** a Florida limited liability company, ) | **FILED UNDER SEAL** |
| ) | **PURSUANT TO 31 U.S.C.** |
| Defendant. ) | **§3730(b)(2) – DO NOT** |
| ) | **PLACE IN PRESS BOX** |
| ) | **OR PUT ON PACER** |
| ) | **SYSTEM** |
| ) | |

2

**FALSE CLAIMS ACT COMPLAINT FOR VIOLATION OF THE FEDERAL ANTI-KICKBACK ACT AND DEMAND FOR JURY TRIAL**

RELATOR, BRIAN EBERHARD, brings this qui tam action in the name of the United States of America and the States of Alabama, Arizona, Arkansas, California, Colorado, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, New Mexico, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and the District of Columbia, by and through his undersigned attorney, and alleges as follows:

INTRODUCTION

1.      Relator, Brian Eberhard ("Relator") brings this action on behalf of the United States of America and the States of Arkansas, California, Colorado, Florida, Illinois, Indiana, Michigan, New Mexico, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and the District of Columbia against the Defendant, Physicians Choice Laboratories Services, LLC (PCLS), a Florida limited liability company, with its principal place of business at 854 Paragon Way, Rock Hill, South Carolina 29730, for treble damages and civil penalties for the Defendant's violations of the False Claims Act 31 U.S.C. § 3729 *et seq*; the Federal Anti-Kickback Act 42 U.S.C. § 1320a-7b; the Tennessee Medicaid False Claims Act T.C.A. § 71-5-181 through § 71-5-185; the various State laws of the individual Plaintiff States with regards to the Medicaid False Claims Act per the applicable state statute.

2.      As required by the False Claims Act 31 U.S.C. § 3730-(b)(2) Relator has with the filing of this *False Claims Act Complaint for Violation of the Federal Anti-Kickback Act and Demand for Jury Trial* sent to the Attorney General of the United States, the United States Attorney for the Western District of Tennessee, and the Attorney General of each Plaintiff State, a statement of all material evidence and information related to this *False Claims Act Complaint*

*for Violation of the Federal Anti-Kickback Act and Demand for Jury Trial*. This *Disclosure Statement* is supported by material evidence known to the Relator establishing the existence of the Defendant's false claims. Because the *Disclosure Statement* includes attorney-client communications and work product of Relator's attorney to the Attorney General, the United States Attorney, and the respective Attorney Generals of the Plaintiff States in their capacity as potential co-counsel in this litigation, Relator understands the disclosure to be confidential.

## JURISDICTION AND VENUE

3. This action arises under the False Claims Act 31 U.S.C. § 3729 *et seq*. This Court has jurisdiction over this case pursuant to 31 U.S.C. § 3732(a) and § 3730(b), as well as 28 U.S.C. § 1345 and §1331.

4. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) because of some of the acts prescribed 31 U.S.C. § 3729 *et seq* and complained of herein took place in this district and is also proper pursuant to 28 U.S.C. § 1391(b)(c) because at all times Defendant transacted business in this district.

## PARTIES

5. Brian Eberhard is a citizen of the State of Tennessee and is an employee of Physicians Choice Laboratory Services LLC ("PCLS"), located in Rock Hill, South Carolina. As such, he has been responsible for sales of PCLS lab services in the states of Tennessee, Kentucky, and Alabama since September 24, 2012. Mr. Eberhard is an "original source" within the meaning of 31 U.S.C. § 3730(e)(4)(B) and states that to his knowledge the information contained herein concerning Defendant's False Claims Act violations has not been publicly disclosed.

6.      The Defendant, PCLS, is a Florida limited liability company, which was formed in January of 2009, with its principal place of business located at 854 Paragon Way, Rock Hill, South Carolina 29730.  The Registered Agent for service of process is Alan Levine, 1110 Brickell Avenue, Suite 700, Miami, Florida 33131.

7.      PCLS is a testing laboratory according to its website, http://www.pcls.com, which also states the following:

> At PCLS, our mission is to empower physicians with information to improve people's lives. We do this with state-of-the-art testing services that include: drug detection and compliance monitoring, pharmacogenetic testing to personalize and optimize prescription practices, broad-based infectious disease screening, and compassionate pregnancy drug-screening programs designed to identify high-risk mothers to help them deliver healthy babies.

For compliance purposes, PCLS also claims:

To ensure the most effective patient management and secure data, our quality system meets or exceeds requirements of:

- Centers for Medicaid and Medicare Services (CMS), College of American Pathologists (CAP), and the Clinical Laboratory Improvement Amendments (CLIA)
- International Standard ISO/IEC 17025: 1999 General Requirements for the Competence of Testing and Calibration Laboratories

<u>MEDICARE PROGRAM POLICIES</u>

8.      The Anti-Kickback Act prohibits offering, paying, soliciting, or receiving any remuneration in return for or to induce the referral of business paid for by the Medicare or Medicaid programs.  Compliance with the Anti-Kickback Act is a material condition of payment by the Medicare and Medicaid programs, *United States ex rel. Fry v. Health Alliance of Greater Cincinnati 2008 Westlaw 5282139, *12 (S.D. Ohio Dec. 12, 2008); United States ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc. 400 F.3d 428, 445 (6th Cir. 2005)*.

5

9. Claims submitted to Medicare and Medicaid programs based on referrals obtained in violation of the Anti-Kickback Act are false claims under the False Claims Act and all amounts paid by Medicare and Medicaid programs as reimbursement for such claims constitute damages under the False Claims Act, *United States v. Rogan, 517 F.3d 449, 453 (7th Cir. 2008)*.

10. That the Federal False Claims Act causes liability pursuant to 11 U.S.C. § 3729(a)(1)(A) for someone who knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

11. That the Defendant, PCLS, since shortly after its formation and continuing through the present time, contracts with a cadre of independent contractors who are paid as independent contractors on a 1099 basis. A copy of a Sales Representation Agreement for these representatives is attached hereto as **Exhibit A**. That there are "1099 reps" in all of the states listed as Plaintiffs. See list of representatives on **Exhibit B**. PCLS has several 1099 sales representatives located in Shelby County, Tennessee, which is in the Western District of Tennessee. Paying a 1099 representative is a violation of the Medicare Anti-Kickback Act (The Act 42 U.S.C. §132a-7b(b)(2)(A), see *United States v. McClatchey 217F3d823, 835 (10th Cir. 2000)* which holds that "a person who offers or pay remuneration to another person violates the act so long as one purpose of the offer or payment is to induce Medicare or Medicaid patient referrals." That the Defendant, PCLS, pays these independent contractors on a percentage basis for the referral of samples to it for testing and subsequent billing to Medicare or Medicaid state reimbursement plans.

12. That in the month of May 2014, in excess of 14,200 samples were submitted by the 1099 sales force to the Defendant. Based upon his knowledge of the payor of the samples,

the Relator procures as an employee of PCLS in excess of 50% of the samples are paid for through Medicare or Medicaid.

13. That the Federal False Claims Act causes liability pursuant to 11 U.S.C. § 3729(a)(1)(A) for someone who knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

14. The False Claims Act prohibits knowingly causing others to submit false or fraudulent claims to the Medicare program. Likewise, the Tennessee Medicaid False Claims Act also prohibits others from submitting false or fraudulent claims to the Tennessee Medicaid program.

## COUNT ONE

Violations of the Federal Anti-Kickback Act, 42 U.S.C. § 1320(b)(2).

15. All of the statements contained in Paragraphs 1 through 14 are incorporated herein by reference as if set forth fully verbatim.

16. That PCLS violated the Federal Anti-Kickback Act in that it knowingly with deliberate ignorance or reckless disregard paid by paying remuneration to another person for the purpose of inducing them to use PCLS services for patients who were covered by either Medicare or Medicaid. The compensation of the 1099 representatives was done on a percentage basis based upon the actual reimbursement by Medicare or Medicaid programs to PCLS.

## COUNT TWO

Violations of the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.*

17. All of the statements contained in Paragraphs 1 through 14 are incorporated herein by reference as if set forth fully verbatim.

18. That PCLS violated the False Claims Act in that it was eligible for reimbursement by Federal Medicare and Medicaid for its testing because of complying with State and Federal Medicare and Medicaid program rules and regulations. In fact, as set forth in paragraph 7 above it advertises that it complies with all CMS regulations. Nonetheless, PCLS was not adhering to HHH regulations, because it violated the Federal Anti-Kickback Act by knowingly, with deliberate ignorance or reckless disregard, paid remuneration to another person to induce them to send their laboratory samples for their Medicare or Medicaid patients to PCLS and then paying them a percentage of the reimbursement for the referral.

## PRAYERS FOR RELIEF

19. Wherefore, Relator specifically requests that this Honorable Court enter a judgment against the Defendant and order:

a. That the United States and the Plaintiff States be awarded damages in the amount of three times the damages sustained by the United States and the Plaintiff States, plus $11,000.00 per false claim, because of the false and fraudulent claims alleged within this *False Claims Act Complaint for Violation of the Federal Anti-Kickback Act and Demand for Jury Trial*, as the False Claims Act, 31 U.S.C. § 3729, and applicable State False Claims Acts provisions;

b. That pre and post-judgment interest be awarded, along with reasonable attorney fees, costs, and expenses which Relator necessarily incurred in bringing and pressing this case;

c. That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act violations or the Federal Anti-Kickback Law violations for which redress is sought in this *False Claims Act Complaint for Violation of the Federal Anti-Kickback Act and Demand for Jury Trial*;

    d.    That the Relator be awarded the maximum money award allowed pursuant to the False Claims Act and applicable State False Claims for bringing this action; and

    e.    That the Court award such other and further relief as it deems just and proper.

DEMAND FOR JURY TRIAL

20.    Relator, on behalf of himself and the United States and the Plaintiff States, demand a jury trial on all claims alleged herein.

Respectfully submitted,

/s/ George R. Fusner
George R. Fusner (BPR #005614)
*Attorney for Relator, Brian Eberhard*
Brentwood Office Building
116 Wilson Pike Circle, Ste. 210
Brentwood, TN 37027
Telephone: (615) 251-0005
Facsimile: (615) 370-8447
E-Mail: gfusner@aol.com

CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing *False Claims Act Complaint and Demand for Jury Trial* has been furnished by Federal Express mail to **Edward L. Stanton**, III, United States Attorney for the Western District of Tennessee, The United States Attorney's Office Western District of Tennessee, 167 North Main Street, Suite 800, Memphis, Tennessee 38103; **Eric Holder**, United States Attorney General, Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-011, and by USPS First Class Mail to **Richard S. Nicholson**, Trial Attorney, U.S. Department of Justice, Commercial Litigation Division, P.O. Box 36, Ben Franklin Station, Washington, D.C. 22044; by USPS Certified First Class Mail to **Luther Strange,** Attorney General, Office of the Attorney General, Medicaid Fraud Division, P.O. Box 300152, Montgomery, Alabama 36130-0152, by USPS Certified First Class Mail to **Tom Horne,** Attorney General, Attorney General's Office, Medicaid Fraud Control Unit, 1275 W Washington Street, Phoenix, Arizona 85007-2926, by USPS Certified First Class Mail to **Dustin McDaniel,** Attorney General, Office of Attorney General, Medicaid Fraud Control Unit, 323 Center Street, Suite 200, Little Rock, Arkansas, 72201, by USPS Certified First Class Mail to **Kamala D. Harris,** Attorney General, Attorney General's Office, California Department of Justice, Bureau of Medi-Cal Fraud & Elder Abuse, P.O. Box 944255, Sacramento, California 94244-2550, by USPS Certified First Class mail to **John W. Suthers,** Attorney General, Attorney General's Office, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, Colorado 80203, by USPS First Class Mail to **Medicaid Fraud Control Unit**, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 9th Floor, Denver, Colorado 80203, by USPS Certified First Class Mail to **Pam Bondi**, Attorney General, Florida Office of the Attorney General, Medicaid Fraud Control Unit, The Capital, PL-01, Tallahassee, Florida 32399-1050, by USPS Certified First Class Mail to **Sam Olens,** Attorney General, Office of the Attorney General, 40 Capitol Square, SW, Atlanta, Georgia 30334, by USPS First Class Mail to **Van Pearlberg,** Director, Medicaid Fraud Control Unit of Georgia, 200 Piedmont Avenue, SE, West Tower, 19th Floor, Atlanta, Georgia, 30334, by USPS Certified First Class Mail to **Lisa Madigan**, Attorney General, Attorney General's Office, Medicaid Fraud Control Unit, 500 South Second Street, Springfield, Illinois, 62706, by USPS Certified First Class Mail to **Greg Zoeller,** Attorney General, Indiana Attorney General's Office, Indiana Government Center South, 302 W. Washington Street, 5th Floor, Indianapolis, Indiana 46204, by USPS First Class Mail to **Medicaid Fraud Control Unit**, 8005 Castleway Drive, Indianapolis, Indiana 46250, by USPS Certified First Class Mail to **Jack Conway,** Attorney General, Office of the Attorney General, Capitol Suite 118, 700 Capitol Avenue, Frankfort, Kentucky 40601-3449, by USPS First Class Mail to **Michael Brooks,** Director, Medicaid Fraud & Abuse Control Division, Office of the Attorney General, 1024 Capitol Center Drive, Frankfort, Kentucky 40601, by USPS Certified First Class Mail to **James D. Caldwell**, Attorney General, Office of the Attorney General, Medicaid Fraud Control Unit, P.O. Box 94005 Baton Rouge, Louisiana 70804, by USPS Certified First Class Mail to **Martha Coakley,** Attorney General, Attorney General's Office, Medicaid Fraud Control Unit, One Ashburton Place, Boston, Massachusetts 02108-1518, by USPS Certified First Class Mail to **Bill Schuette,** Attorney General, Michigan Department of Attorney General, G. Mennen Williams Building, 7th Floor, 525 W. Ottawa Street, P.O. Box 30212, Lansing, Michigan 48909, by First Class Mail to **David Tanay,** Director, Medicaid Fraud Control Unit of Michigan, Office of the Attorney General, 2860 Eyde Parkway, East Lansing, Michigan 48823, by USPS Certified First Class Mail to **Gary K. King,** Attorney General,

Attorney General's Office, P.O. Drawer 1508, Santa Fe, New Mexico 87504-1508, by USPS First Class Mail to **Jody Curran,** Director, Medicaid Fraud Control Unit, Office of the Attorney General, 111 Lomas NW, Suite 300, Albuquerque, New Mexico 87102, by USPS Certified First Class Mail to **Roy Cooper,** Attorney General, Attorney General's Office, 9001 Mail Service Center, Raleigh, North Carolina 27699-9001, by USPS First Class Mail to **Charles Hobgood,** Director, Medicaid Fraud Control Unit, Office of the Attorney General, 5505 Creedmoor Road, Suite 300, Raleigh, North Carolina 27612, by USPS Certified First Class Mail to **Mike DeWine,** Attorney General, Attorney General's Office, 30 E. Broad Street, 14th Floor, Columbus, Ohio 43215, by USPS First Class Mail to **Keesha Mitchell,** Director, Medicaid Fraud Control Unit, Office of the Attorney General, 150 East Gay Street, 17th Floor, Columbus, Ohio 43215, by USPS Certified First Class Mail to **Scott Pruit,** Attorney General, Oklahoma Attorney General's Office, Medicaid Fraud Control Unit, 313 NE 21st Street, Oklahoma City, Oklahoma 73105, by USPS Certified First Class Mail to **Kathleen Kane,** Attorney General, Pennsylvania Office of Attorney General, Medicaid Fraud Control Unit, 16th Floor, Strawberry Square, Harrisburg, Pennsylvania 17120, by USPS Certified First Class Mail to **Alan Wilson,** Attorney General, The Honorable Alan Wilson, Medicaid Fraud Control Unit, P.O. Box 11549, Columbia, South Carolina, 29211, by USPS Certified First Class Mail to **Mary Elizabeth McCullohs**, Assistant Attorney General of Tennessee, Tennessee Attorney General's Office, Medicaid Fraud and Integrity Division, 425 Fifth Avenue N, Nashville, Tennessee 37243, by USPS Certified First Class Mail to **Greg Abbott,** Attorney General, Office of the Attorney General, P.O. Box 12548, Austin, Texas 78711-2548, by USPS First Class Mail to **W. Rick Copeland**, Director, Medicaid Fraud Control Unit, Office of the Attorney General, 6330 Hwy 290 East, Suite 250, Austin, Texas 78723, by USPS Certified First Class Mail to **Mark Herring,** Attorney General, Office of the Attorney General, Medicaid Fraud Control Unit, 900 East Main Street, Richmond, Virginia 23219, and by USPS Certified First Class Mail to **Irvin B. Nathan,** Attorney General, Office of the Attorney General, 441 4th Street, NW, Washington, D.C. 20001, and by USPS First Class Mail to **Susan Bieber Kennedy,** Director, Medicaid Fraud Control Unit, Office of D.C. Inspector General, 717 14th Street, NW, Suite 430, Washington, D.C. 20005.

/s/ George R. Fusner
George R. Fusner