# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* BRIAN EBERHARD, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:14-cv-02426-JTF-tmp |
| PHYSICIANS CHOICE LABORATORY SERVICES, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO AUTHORIZE DISCOVERY; AND DENYING AS MOOT DEFENDANT'S FIRST MOTION TO DISMISS**

On June 6, 2014, Plaintiff filed under seal a Complaint alleging violation of the False Claims Act by falsely certifying compliance with the Anti-Kickback Statute. (ECF No. 1). Upon unsealing of the Complaint, Defendant filed a Motion to Dismiss on February 19, 2015. (ECF No. 13); *see also* (ECF No. 14) (accompanying memorandum in support). Plaintiff thereafter filed a Motion to Authorize Discovery, (ECF No. 20), on March 10, 2015, and an Amended Complaint, (ECF No. 21), on March 11, 2015.

Before the Court is Defendant's Motion to Dismiss First Amended and Restated Complaint filed March 16, 2015. (ECF No. 22); *see also* (ECF No. 23) (accompanying memorandum in support). On March 27, 2015, Plaintiff filed a Response in Opposition, (ECF No. 27), to which Defendant filed a Reply on April 10, 2015, (ECF No. 28). Further, before the Court is Plaintiff's Motion to Authorize Discovery and Shorten the Time for Response filed

1

March 10, 2015. (ECF No. 20). On March 16, 2015, Defendant filed a Response in Opposition. (ECF No. 24).

For the reasons set out below, the Court finds that the Defendant's Motion should be GRANTED and Plaintiff's Motion should be DENIED. Further, Defendant's Motion to Dismiss of February 19, 2015, should be DENIED as MOOT.

## I. BACKGROUND

The Court accepts as true the following factual allegations taken from Plaintiff's Amended Complaint. (ECF No. 21). Relator Brian Eberhard is an ex-employee of Defendant Physicians Choice Laboratory Services LLC. *Id.* at ¶ 5. Relator was responsible for sales of Defendant's lab services in Tennessee, Kentucky, and Alabama starting in September 24, 2012. *Id.* Relator claims that Defendant submitted thousands of claims that violated the Anti-Kickback Statute and received payment from various Medicaid programs on those claims. *Id.* at ¶ 8. Specifically, Defendant utilized an incentive package with 1099 independent contractors in violation of the Anti-Kickback Statute. *Id.* at ¶ 11; *see also* (ECF No. 21-1). "[I]n the month of May 2014, 14,176 samples were submitted by the 1099 sales force . . . . [and] in excess of 50% of the samples [were] paid by Medicare or Medicaid to [Defendant] in violation of the Federal False Claims Act." *Id.* at ¶ 12.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This allows the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if *everything alleged* in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (emphasis added) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

When evaluating a motion to dismiss under Fed. R. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (first alteration in original) (quoting *Twombly*, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, a plaintiff's "[]bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the . . . court to draw on its experience and common sense." *Id.* at 663-64 (citing *Twombly*, 550 U.S. at 556). When undertaking a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court may look to "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint'" for guidance. *Barany-Synder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))).

### III. ANALYSIS

Defendant contends that Plaintiff's Amended Complaint should be dismissed for (1) lacking standing to sue under the Anti-Kickback Statute for Count 1, and (2) failing to plead sufficiently under Rules 9(b) and 12(b)(6) for Count 2. (ECF No. 22). Specifically, Defendant

3

contends that the Anti-Kickback Statute does not contain a private right of action for Plaintiff to utilize similar to the *qui tam* provision of the False Claims Act. (ECF No. 23 at 3) (citing *United States ex rel. Dennis v. Health Mgmt. Assocs., Inc.*, 3:09-CV-00484, 2013 WL 146048, at *10 (M.D. Tenn. Jan. 14, 2013); 31 U.S.C. § 3730(b)(1)). Additionally, Defendant contends that the Amended Complaint does not plead with sufficient particularity to satisfy the standard of Rule 9(b) or Rule 12(b)(6) by failing to allege *specific* false claims or *specific* false certifications of compliance directed to the government. *Id.* at 4-9 (citing *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 502-03 (6th Cir. 2008) (requiring claims under the False Claims Act to be pled with particularity pursuant to Rule 9(b))).

Plaintiff, however, contends that the Amended Complaint has provided sufficient allegations to meet a relaxed Rule 9(b) particularity requirement. Specifically, Plaintiff requests this Court to relax the standard of Rule 9(b) or to allow limited discovery to "identify specific claims." (ECF No. 27 at 8-9 n.2). Further, Plaintiff purports to bring state law claims under twenty-two different states and the District of Columbia. *Id.* at 6-7. In Reply, Defendant primarily echoes and expands upon the foregoing contentions of the parties. *See* (ECF No. 28).

    A. *Plaintiff does not have Standing to Sue for Violation of the Anti-Kickback Statute*

Plaintiff concedes that Count 1 of the Amended Complaint "is not intended to state a separate claim under the Anti-Kickback Statute." (ECF No. 27 at 6). Instead, Plaintiff contends that the violation of the Anti-Kickback Statute along with a certificate of compliance creates a false claim under the False Claims Act. *Id.* As such, the Court hereby GRANTS Defendant's Motion to Dismiss as to any claim based solely on a violation of the Anti-Kickback Statute.

4

B. *Plaintiff does not Allege Sufficient Facts for this Court to Infer a Violation of the False Claims Act*

31 U.S.C. § 3729(a) prohibits making false or fraudulent claims to the federal government for payment. Due to the anti-fraud nature of the False Claims Act, any alleged violation must be pled with particularity under Rule 9(b)'s heightened standard. *See generally United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007). The purpose of such standard is not only to provide Defendant with notice of his alleged wrongdoing, but also to protect Defendant from "fishing expeditions." *See id.* Therefore, for a complaint to satisfy Rule 9(b), it must allege "(1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (2011) (internal quotation marks omitted). Although it is not required that Plaintiff provide this Court with every false claim ever presented, "pleading an actual false claim with particularity is an indispensable element of a complaint that alleges an FCA violation in compliance with Rule 9(b)." *Bledsoe*, 501 F.3d at 504, 510 (requiring "examples of specific false claims submitted to the government" even if claiming a "complex and far-reaching fraudulent scheme"); *see also Chesbrough*, 655 F.3d at 472 (imposing a "strict requirement that relators identify actual false claims"). With Plaintiff's Amended Complaint completely void of any specific false claim or false certification of compliance presented to the government, this Court must find that Plaintiff has not satisfied Rule 9(b)'s heightened pleading standard. *See* (ECF No. 21); *see also* (ECF No. 27 at 9-11 & n.4-5) (acknowledging that the Amended Complaint does not allege any specific false claim or false certification of compliance).

Moreover, Plaintiff's reliance on a relaxed Rule 9(b) standard is misplaced. *See generally Chesbrough*, 655 F.3d at 471-72 ("The case law . . . suggests that the requirement that

5

a relator identify an actual false claim may be relaxed when, even though the relator is unable to produce an actual billing or invoice, he or she has pled facts which support a *strong* inference that a claim was submitted. Such an inference may arise when the relator has 'personal knowledge that the claims were submitted by Defendants . . . for payment.'" (citation omitted) (emphasis added)). Although this Court may relax Rule 9(b)'s standard in the face of a "*strong* inference," Plaintiff has not provided this Court with anything more than facts "parallel" to wrongdoing. *See Twombly*, 550 U.S. at 560 (discussing "the requirement of plausibility and the need for something more than merely parallel behavior"). Plaintiff has "no personal knowledge that [false claims] were presented to the government, nor [does he] allege facts that strongly support an inference that such billings were submitted."[1] *Chesbrough*, 655 F.3d at 472. Because Plaintiff has "not nudged [his claim] across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. As such, the Court hereby GRANTS Defendant's Motion to Dismiss.[2]

Plaintiff acknowledges that Plaintiff will need at least limited discovery before he can provide a specific false claim or certification of compliance. (ECF No. 27 at 9-11 & n.4-5). With such, this Court does not find good reason to allow Plaintiff to further amend his complaint as allowing Plaintiff to amend would be futile. Further, the Court does not find good reason to grant Plaintiff's request for limited discovery. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a

---

1. Plaintiff's Amended Complaint is replete with primarily legal conclusions. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also* (ECF No. 21 at ¶¶ 8-14).

2. For similar reasons, the Court does not find that Plaintiff has properly pled false claims under the many state law statutes cited. Primarily, the Amended Complaint itself states that "[n]o individual claim is made except for the statutory payments to a relator permitted by the relevant [state] statutes." (ECF No. 21 at ¶ 1). To the extent that Plaintiff seeks separate substantive claims, the Court similarly finds that Plaintiff has not met the pleading standard under Rule 9(b) and 12(b)(6) as required in federal court.

notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Snapp*, 532 F.3d at 504 ("Rule 9(b) discourages 'fishing expeditions and strike suits' which appear more likely to consume a defendant's resources than to reveal evidences of wrongdoing." (citation omitted)). Plaintiff's request for discovery would equate to a "fishing expedition" at the expense of the Defendant. *Bledsoe*, 501 F.3d at 510; *see also* (ECF No. 20-2 at 3) (requesting, *inter alia*, that Defendant provide Plaintiff with "[a]ll certifications to the United States government for any bills submitted for payment to the United States and actually paid for the Medicare program" without accompanying temporal or geographical limitations); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("[T]here is no general right to discovery upon filing of the complaint [as] [t]he very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of the complaint without subjecting themselves to discovery." (internal quotations and citations omitted)). The Court hereby DENIES Plaintiff's Motion to Authorize Discovery.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss, DENIES Plaintiff's Motion to Authorize Discovery, and DENIES as MOOT Defendant's Motion to Dismiss of February 19, 2015.

**IT IS SO ORDERED** this 2nd day of June, 2015.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge